112 F.3d 515
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teresa De Jesus AMAYA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70124.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 28, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teresa De Jesus Amaya, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). Amaya contends that the BIA erred by finding that she did not have a well-founded fear of persecution. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review the BIA's asylum eligibility determinations for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We may not reverse the BIA's decision unless a petitioner demonstrates that the evidence she presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. Id.
 
 
 4
 To be eligible for a grant of asylum, a petitioner must demonstrate that she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). A well-founded fear of future persecution must be subjectively genuine and objectively reasonable. See Fisher v. INS, 79 F.3d 955, 960 (9th Cir.1996) (en banc). The objective component "requires a showing by credible, direct, and specific evidence in the record, of facts supporting a reasonable fear of persecution on the relevant ground." Id. (citation omitted).
 
 
 5
 Amaya contends that she offered evidence to demonstrate that she would be persecuted if she returned to El Salvador. We disagree.
 
 
 6
 At the IJ hearing, Amaya testified that while working as a cook for the National Police in San Salvador from 1981 to 1991, she received three letters telling her to quit her job. She also claimed that her father was killed in an incident involving government and guerrilla forces in 1978 and that two of her uncles were killed in 1980 or 1981, one by guerrillas and the other by a stray bullet shot in a confrontation. Amaya further testified that guerrillas confiscated her family's land in the early 1980's and that these same people continued to ask her mother whether Amaya intended to return and reclaim the land.
 
 
 7
 The BIA's decision is supported by substantial evidence. See id. at 964. First, besides testifying that she feared she would be harmed if she did not quit her job, Amaya failed to present any direct or specific evidence to demonstrate that anyone had mistreated or inflicted harm upon her because she was a cook with the National Police. See id. at 960; see also Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990) (finding that petitioner's claim of fear of persecution was undercut by fact that he had never been threatened or harmed). Second, the acts of violence against members of Amaya's family do not establish a well-founded fear of persecution because Amaya's father and uncles were killed in unrelated confrontations and it is unclear from her testimony whether any of the killings were actually politically motivated. See Fisher, 79 F.3d at 960; see also Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (holding that allegations of isolated violence against petitioner's family members did not amount to required pattern of persecution closely tied to petitioner). Furthermore, other than one robbery by unidentified persons, no harm has befallen Amaya's mother and Amaya's three children in El Salvador. See Fisher, 79 F.3d at 960; see also Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (observing the fact that petitioner's family continues to live in his country unmolested undercuts his well-founded fear of persecution); Rebollo-Jovel v. INS, 794 F.2d 441, 447 (9th Cir.1986) (finding that Salvadoran whose parents and siblings continued to live in El Salvador without harm had failed to show that his fear of persecution was objectively reasonable).
 
 
 8
 Accordingly, based on the evidence presented by Amaya, a reasonable factfinder would not be compelled to conclude that the requisite fear of persecution existed. See Elias-Zacarias, 502 U.S. at 481.
 
 
 9
 Because Amaya failed to demonstrate a well-founded fear of persecution, she also failed to demonstrate eligibility for withholding of deportation. See Fisher, 79 F.3d at 965 (citation omitted).
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3